El Paso County - 210th District Court

Filed 5/5/2017 3:44:06 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1553

No. _____

| | | |
|---|---|---|
| JUDITH WALLEN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs | § | |
| | § | |
| LINCOLN FINANCIAL DISTRIBUTORS, INC. | § | EL PASO COUNTY, T E X A S |
| D/B/A LINCOLN FIANCIAL GROUP, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE

Plaintiff, JUDITH WALLEN, files this original petition.

1.    Discovery is intended to be conducted under Level 2.

### I. JURISDICTION & VENUE

2.    The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Plaintiff seeks damages of more than $1,000,000.00.

3.    Venue is proper in El Paso County under Texas Civil Practice & Remedies Code §15.002 because almost all of the events giving rise to the claim occurred in El Paso County.

### II. PARTIES

4.    Plaintiff, **JUDITH WALLEN ("Mrs. Wallen"),** is a resident of El Paso County, Texas. The last three digits of her Texas Driver's License are 639 and the last three digits of her Social Security Number are 397.

5.    Defendant, **LINCOLN FINANCIAL DISTRIBUTORS, INC. D/B/A LINCOLN FINANCIAL GROUP ("Lincoln"),** is an Indiana corporation licensed to do business in Texas. It

1



can be served with process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## III. FACTS

6.      Jerry L. Wallen ("Mr. Wallen"), the deceased husband of Plaintiff, Judith Wallen, was the insured under Lincoln life insurance policy number T105766760 in the amount of $1,000,000.00. In 2015, the policy lapsed. Based on information and belief, while still within either the state-mandated grace period or Lincoln's standard and customary grace period, Mr. Wallen sent the required premium payment of $326.91. Lincoln deposited the payment.

7.      Lincoln did not reinstate the policy as is customarily done if an insured makes the required premium payment during the grace period. Instead, on September 2, 2015, Lincoln advised Mr. Wallen that his payment had been received but that "our acceptance of this payment does not currently provide you with any insurance coverage under this policy."

8.      On September 4, 2015, Lincoln sent another letter to Mr. Wallen advising that certain information would have to be received for the underwriting process to continue. Mr. Wallen died suddenly from a heart attack on September 22, 2015. Mrs. Wallen filed a claim to collect the $1,000,000.00 life insurance policy that her husband, shortly before his death, had told her was in effect. However, Lincoln refused payment, claiming the life insurance policy had lapsed and had not been reinstated. Lincoln did not return Mr. Wallen's premium payment of $326.91 until after he had died.

## IV.  CAUSES OF ACTION

### Count 1 – Breach of the Duty of Good Faith and Fair Dealing

9.      Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 above as though fully set forth herein.

2

10.     Mr. Wallen was the Owner and Mrs. Wallen the beneficiary under an insurance contract sold by Lincoln, which gave rise to a duty of good faith and fair dealing.

11.     Lincoln breached its duties by not reinstating the Policy when Lincoln knew or should have known that there was no reasonable basis for not reinstating the policy.

12.     The breach of duty by Lincoln proximately caused injury to Plaintiff.

13.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court from Defendant.

### Count 2 – Breach of Contract

14.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 above as though fully set forth herein.

15.     Mr. Wallen contracted for the Policy with Lincoln for the benefit of his wife, Mrs. Wallen. Lincoln failed to perform its contract as agreed. Lincoln unilaterally refused to reinstate the Policy without justification despite Plaintiff's payment of the premium Lincoln advised was required for reinstatement of the Policy.

16.     The actions of Lincoln constitute a breach of contract, for which Plaintiff now seeks actual damages.

### Count 3 – Promissory Estoppel

17.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 above as though fully set forth herein.

18.     Lincoln routinely ignored "lapse dates" and deadlines for payment. In fact, it would have special reinstatement offers whereby if the full premium was paid, the reinstatement was effective when the premium was received by the company. By its habit of business, its acts and its custom not to require prompt payment, Lincoln induced an honest belief in the mind of Mr. Wallen that strict compliance with a stipulation for punctual payment of premiums would not be insisted

3

upon. Therefore, Lincoln waived the right to not reinstate the policy in 2015 when Mr. Wallen did exactly what he was supposed to do to reinstate the policy.

19.     Mr. Wallen reasonably and substantially relied on the previous acts of Lincoln to both his and Mrs. Wallen's detriment.

20.     Mr. Wallen's reliance on the previous acts was foreseeable by Lincoln.

21.     Injustice can be avoided only by enforcing Lincoln's contractual obligations.

22.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court from Lincoln.

### Count 4 – Declaratory Judgment

23.     Pursuant to Texas Civil Practices and Remedies Code Chapter 37, Plaintiff requests this Court to declare her rights and status with respect to the Policy.

24.   .  Plaintiff is entitled to recover attorney's fees incurred in the prosecution of this matter. TEX. CIV. PRAC. & REM. CODE §37.009.

### V. PUNITIVE DAMAGES

25.     Lincoln's actions were intentional, knowing and fraudulent, and involved such an extreme degree of risk and disregard for Plaintiff as to constitute malice resulting in injury and harm to Plaintiff. Lincoln's acts and omissions as alleged in this Petition were willful. Plaintiff is entitled to damages, both past and future, and exemplary and punitive damages from Defendant.

26.     Defendant acted in bad faith to the detriment of Plaintiff.

27.     Plaintiff requests that damages, punitive damages, pre-judgment interest and costs of Court be awarded to Plaintiff against Defendant.

### VI. ATTORNEY'S FEES AND COSTS

28.     As a result of the wrongful acts of Defendant and the misrepresentations of Defendant as set out herein, Plaintiff was required to retain the undersigned counsel to protect

Plaintiff's interests and has agreed to pay reasonable and necessary attorney's fees and costs to said counsel. Plaintiff is entitled to recover reasonable attorney's fees and costs under her claim for breach of contract and the other causes of action that allow direct or indirect recovery of attorney's fees and costs.

## VII. JURY DEMAND

29.    Plaintiff requests and demands a jury trial and the required fee is being tendered at the time of filing this petition.

## VIII. REQUEST FOR DISCLOSURE

30.    Under Texas Rule of Civil Procedure 194, Plaintiff requests that Lincoln disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## IX. PRAYER

WHEREFORE, Plaintiff, Judith Wallen, respectfully requests that, after a jury trial on the merits, the Court award Plaintiff the following relief:

1.    Direct and consequential damages against Defendant;

2.    Exemplary damages as a result of the intentional, malicious and culpable behavior of Defendant;

3.    Statutory and special damages as set forth above;

4.    A declaratory judgment;

5.    Attorney's fees;

6.    Prejudgment and post judgment interest where allowed by law and in the maximum amounts permitted by law; and

7.    All other relief, at law or in equity, to which Plaintiff may otherwise be entitled.

5

Respectfully submitted,

**BELL ROSE**

*/s/ Chris Bell*

Chris Bell
Texas Bar No. 00783631
Email: Chris@BellRoseLaw.com
10000 Memorial Drive, Suite 750
Benjamin Harwood Rose
Texas Bar No. 24079243
Email: Ben@BellRoseLaw.com
Houston, Texas 77024
Phone: 713-300-5158
Fax:    713-583-5524

*Attorneys for Plaintiff*

6

No. _____

| | | |
|---|---|---|
| JUDITH WALLEN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs | § | |
| | § | |
| LINCOLN FINANCIAL DISTRIBUTORS, INC. | § | EL PASO COUNTY,  T E X A S |
| D/B/A LINCOLN FIANCIAL GROUP, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

TO:   Lincoln Financial Distributors, Inc. d/b/a Lincoln Financial Group by and through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to the Texas Rules of Civil Procedure, serves its First Requests for Production to Lincoln Financial Distributors, Inc. d/b/a Lincoln Financial Group ("Lincoln") concurrently with her original petition.  Lincoln is required to serve a written response to Plaintiff at the offices of Bell Rose, located at 10000 Memorial Drive, Suite 750, Houston, Texas 77024, no later than fifty (50) days after receipt of this request.

1

Respectfully submitted,

**BELL ROSE**

*/s/ Chris Bell*

Chris Bell
Texas Bar No. 00783631
Email: Chris@BellRoseLaw.com
10000 Memorial Drive, Suite 750
Benjamin Harwood Rose
Texas Bar No. 24079243
Email: Ben@BellRoseLaw.com
Houston, Texas 77024
Phone: 713-300-5158
Fax:   713-583-5524

*Attorneys for Plaintiff*

## Instructions & Definitions

1. Unless otherwise indicated, the time period each request refers to is from January 1, 2012 to the present.

2. Unless otherwise indicated the term "incident" refers to the refusal to reinstate Jerry Wallen's life insurance policy identified in Plaintiff's original petition..

3. For each request, if the person responding or furnishing the information or documents is other than the person to whom these interrogatories are directed, please identify the person from whom the information contained in the response is obtained.

4. Please note that under Tex. R. Civ. P. 193.5, you are under a continuing duty to supplement your responses.

## Definitions

The following definitions shall have the following meanings, unless the context requires otherwise.

1.      The words "you" or "your" mean Defendant Lincoln., including agents, representatives, and all other persons acting in concert with it under its control, whether directly or indirectly, including any attorney.

2

2.　　　　"Documents" means all written, typed or printed matters, and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

3.　　　　"File" means any collection or group of documents maintained, held, stored, or used together including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

4.　　　　"Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business or legal entity, and all predecessors or successors in interest.

5.　　　　"Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

6.　　　　"Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting and constituting.

7.　　　　"Communication(s)" shall mean any documents, oral statements, conversations, meeting, or conference, formal or informal, at any time or place under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any way transmitted or transferred.

8.　　　　"Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9.　　　　"Describe" or "identify," when referring to a person, means you must state the following:

　　　　　　　　a.　　The full name;
　　　　　　　　b.　　The present or last known residential address if known;
　　　　　　　　c.　　The present or last known residential and office telephone numbers if known;
　　　　　　　　d.　　The present occupation, job title, employer, and employer's

3

address at the time of the event or period referred to in each particular interrogatory; and,

e.   In the case of any person other than an individual, identify the officer, employee or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervision of that officer or employee.

10.   "Describe" and "identify," when referring to a document, means you must state the following:

a.   The nature (*e.g.*, letter, handwritten note) of the document;

b.   The title or heading that appears on the document;

c.   The date of the document and the date of each addendum, supplement, or other addition or change;

d.   The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and,

e.   The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

11. The word "and" means "and/or."

12. The word "or" means "or/and."

13. "Electronic data" shall include electronic mail or "email" and files, databases, data files, metadata, program files, image files (e.g. JPEG, TIFF), voice-mail messages and files, text messages, temporary files, system-history files, deleted files, programs, or e-mails, backup files and archival tapes, website files, website information stored in textual, graphical, or audio format, cache files, cookies, metadata, data compilations from which information can be obtained through detection devices, including original and non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, contact management and personal information data, HTML files, Internet history files and preferences, presentations, charts, graphs and outlines, graphical image format ("GIF") files, calendar and scheduling information, computer system activity logs, arrays of information and all other information used or produced by any software), operating systems, source code of all types, programming languages, liners and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts and any and all miscellaneous files or file fragments, regardless of the media on which they reside

4

and regardless whether said electronic data consists of an active file, deleted file, or file fragment. "Electronic data" also includes any and all items stored on computer memory, hard disks, floppy disks, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, zip drives, RAR drives, ARJ drives, personal storage devices, memory sticks, USB storage devices, computer chips (including EPROM, PROM, ROM and *RAM* of any kind), or in any other vehicle for digital data storage or transmittal, including files, folder tabs, or containers, and labels appended to or associated with each original and each copy.

14. "Lincoln life insurance policy number T105766760" means the life insurance policy that was issued by Lincoln to Jerry L. Wallen that is made the basis of this lawsuit.

5

## REQUESTS FOR PRODUCTION

1. Please produce all communications, including all electronic data, between Lincoln and Jerry Wallen between January 1, 2012 and present.

2. Please produce all communications, including all electronic data, between Lincoln and Judith Wallen from January 1, 2012 until present.

3. Please produce the complete file regarding Lincoln life insurance policy number T105766760 in the amount of $1,000,000.00 in the name of Jerry Wallen.

4. Please produce a complete copy of Lincoln life insurance policy number T105766760 in the amount of $1,000,000.00.

5. Please produce all lapse notices sent to Jerry Wallen by Lincoln.

6. Please produce copies of all reinstatement notices sent to Jerry Wallen while a customer of Lincoln.

7. Please produce all reinstatement offers offered by Lincoln to its customers from January 1, 2010 to December 31, 2015. Please include even if they were special, one-time-only offers by Lincoln to its customers.

8. Please produce a copy of Lincoln's official policy regarding the lapse and reinstatement of life insurance policies.

9. Please produce a copy of Lincoln's official "grace period" policy and/or guidelines. "Grace period" refers to the period of time following the lapse of a policy during which, under certain circumstances, an individual may reinstate the policy.

10. Please produce all of Lincoln's internal communications regarding Lincoln life insurance policy number T105766760 from January 1, 2015 until present.

11. Please produce receipts for all payments received by Lincoln from Jerry Wallen for Lincoln life insurance policy number T105766760 from January 1, 2014 until December 31, 2015.

12. Please produce any internal communications between Lincoln employees regarding life insurance policy number T105766760

13. Please produce any internal communications between Lincoln employees regarding Judith Wallen.

14. Please produce any internal communications between Lincoln employees regarding Jerry Wallen.

6

15. Please produce any documents containing instructions or guidelines regarding policy reinstatement, which have been in effect since 2012.

16. Please produce any documents containing instructions or guidelines regarding whether or not to make payment on a policy, which have been in effect since 2012.

17. Please produce any documents evidencing communications with Jerry Wallen since 2012 (e.g. phone logs, communications logs, etc.).

18. Please produce any recordings or transcripts of telephone calls between any Lincoln employee and Jerry Wallen since 2012.

7

IN THE _____ DISTRICT COURT
OF EL PASO COUNTY, TEXAS

IN COUNTY COURT AT LAW NUMBER_____
OF EL PASO COUNTY, TEXAS

_Judith Wallen_ Plaintiff(s)　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　　　Cause No._____
Vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
_Lincoln Financial_ Defendant(s)
_Distributors, Inc._

## JURY REQUEST

Upon payment of the required jury fee and upon filing this written request for jury trial, as required by the El Paso Local Rule 3.05, request is herein made that the case be placed on the court's jury docket.

_____
Attorney for Plaintiff/Defendant)

_0078363 1_____
State Bar Number

El Paso County - 210th District Court | **CIVIL CASE INFORMATION SHEET** | Filed 5/5/2017 3:44:06 PM
Norma Favela Barceleau
**District Clerk**
El Paso County
2017DCV1553

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED _Judith Wallen v. Lincoln Financial Distributor, Inc_
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Chris Bell | chrisCbellroselaw.com | Plaintiff(s)/Petitioner(s): | ☒Attorney for Plaintiff/Petitioner |
| | | Judith Wallen | ☐Pro Se Plaintiff/Petitioner |
| Address: | Telephone: | | ☐Title IV-D Agency |
| 10000 Memorial Dr. Suite 750 | 713/300-5158 | | ☐Other: |
| City/State/Zip: | Fax: | Defendant(s)/Respondent(s): | Additional Parties in Child Support Case: |
| Houston, TX 77024 | 713/583-5524 | Lincoln Financial Distributors, Inc. d/b/a Lincoln Financial Group | Custodial Parent: |
| Signature: | State Bar No: | | Non-Custodial Parent: |
| Chris Bell | 00283631 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law |
|---|---|---|---|

**Contract**

*Debt/Contract*
- ☐Consumer/DTPA
- ☒Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract:

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☐Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract:

**Injury or Damage**
- ☐Assault/Battery
- ☐Construction
- ☐Defamation

*Malpractice*
- ☐Accounting
- ☐Legal
- ☐Medical
- ☐Other Professional Liability:

- ☐Motor Vehicle Accident
- ☐Premises

*Product Liability*
- ☐Asbestos/Silica
- ☐Other Product Liability List Product:

- ☐Other Injury or Damage:

**Real Property**
- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property:

**Related to Criminal Matters**
- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus— Pre-indictment
- ☐Other:

**Marriage Relationship**
- ☐Annulment
- ☐Declare Marriage Void

*Divorce*
- ☐With Children
- ☐No Children

**Other Family Law**
- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

**Title IV-D**
- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

**Parent-Child Relationship**
- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child:

**Employment**
- ☐Discrimination
- ☐Retaliation
- ☐Termination
- ☐Workers' Compensation
- ☐Other Employment:

**Other Civil**
- ☐Administrative Appeal
- ☐Antitrust/Unfair Competition
- ☐Code Violations
- ☐Foreign Judgment
- ☐Intellectual Property
- ☐Lawyer Discipline
- ☐Perpetuate Testimony
- ☐Securities/Stock
- ☐Tortious Interference
- ☐Other:

**Tax**
- ☐Tax Appraisal
- ☐Tax Delinquency
- ☐Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐Dependent Administration
- ☐Independent Administration
- ☐Other Estate Proceedings

- ☐Guardianship—Adult
- ☐Guardianship—Minor
- ☐Mental Health
- ☐Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action
- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment
- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100, 000 but not more than $200,000
- ☐Over $200,000 but not more than $1,000,000
- ☒Over $1,000,000

Rev 2/13

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **LINCOLN FINANCIAL DISTRIBUTORS, INC. D/B/A LINCOLN FINANCIAL GROUP,** who may be served with process by serving its registered agent, **CORPORATION SERVICE COMPANY AT 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701-3218 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition & Requests for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **210th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 5th day of May, 2017 by Attorney at Law, CHRIS BELL, 10000 MEMORIAL DRIVE, SUITE 750, HOUSTON, TX 77024 in this case numbered **2017DCV1553** on the docket of said court, and styled:

**JUDITH WALLEN**
**VS**
**LINCOLN FINANCIAL DISTRIBUTORS, INC. D/B/A LINCOLN FIANCIAL GROUP**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition & Requests for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 10th day of May, 2017.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By: *Erica Romero* , Deputy
Erica Romero

Rule 106 "the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition & Requests for Disclosure at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ cop ____ $ _____   _____, Sheriff

_____, County, Texas

Total _____ $ _____   By _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____

_____ on the _____ day of _____,

20____, at _____ o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

El Paso County - 210th District Court                                                    Filed 5/24/2017 4:16:08 PM
IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS                           Norma Favela Barceleau
210th DISTRICT COURT                                                         District Clerk
                                                                             El Paso County
                                                                             2017DCV1553
Judith Wallen

vs                                                         Cause No. 2017DCV1553

Lincoln Financial Distributors, Inc.

ORDER OF COURT SETTING

The above reference case is set as follows:

| Date | Time | Description |
|------|------|-------------|
| 06/14/2017 | 2:15 PM | Status Conference |

Dear Counsel:

The Court requires that counsel appear in person or arrangements be made for local counsel to be retained with authority to appear before the Court to obtain the requested relief. If local counsel is retained to appear on behalf of any party; a formal written entry of appearance will be required to be filed with the Court in accordance with Rule "8" Texas Rules Civil Procedure (TRCP 8). All future notice(s) of Court settings will be sent to counsel entered of record as attorney in charge per TRCP 8 (supra). **The attorney in charge is required to be present at all scheduled hearings.** If the attorney in charge fails to appear, the case is subject to dismissal (see below) or sanctions being imposed in accordance with law. Furthermore you are required to present competent evidence to support your claim.

If you do not appear in court on the day of your hearing this case will be Dismissed For Want of Prosecution or pursuant to the Court's inherent authority.

**All scheduled hearings will NOT be subject to continuance, cancellation, or reset by agreement (i.e. Rule 11, etc) unless otherwise ordered by the Court or by leave of Court.**

If the above reference case has already been settled, tried or dismissed, please notify the Court Coordinator (Sandra C. Aguirre: (915) 546-2130) upon receipt of this order.

Signed and entered on this the 24th day of May, 2017.

Gonzalo Garcia
District Judge
210th District Court

If you know of an attorney involved in this case and not listed,
please provide him/her with a copy of this setting.

| | | |
|------|------|------|
| **Chris Bell** | | **713-583-5524** |
| Fax: | Chris Bell | 713-583-5524 |

El Paso County - 210th District Court

Filed 6/8/2017 8:27:55 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1553

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   LINCOLN FINANCIAL DISTRIBUTORS, INC. D/B/A LINCOLN FINANCIAL GROUP, who may be served with process by serving its registered agent, **CORPORATION SERVICE COMPANY AT 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701-3218** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition & Requests for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **210th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 5th day of May, 2017 by Attorney at Law, CHRIS BELL, 10000 MEMORIAL DRIVE, SUITE 750, HOUSTON, TX 77024 in this case numbered **2017DCV1553** on the docket of said court, and styled:

## JUDITH WALLEN
### VS
### LINCOLN FINANCIAL DISTRIBUTORS, INC. D/B/A LINCOLN FIANCIAL GROUP

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition & Requests for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 10th day of May, 2017.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By: _____Erica Romero_____, Deputy
Erica Romero

Rule 106: "The citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ 19 _H_ day of _____ _mmm_ _____, 201 7 , at _11:00_ o'clock
_A_ M., and executed in _____ _Travis_ _____ County, Texas, by delivering to
each of the within-named defendants, ~~in person,~~ a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition & Requests for Disclosure at the following times and places, to-wit:

| NAME | MONTH | DATE DAY | YEAR | Hour | TIME Min.    .M. | Place, and Course and Distance From Court House |
|------|-------|----------|------|------|------------------|---------------------------------------------|
| Lincoln Financial Distributors D/b/a | 08 | 31 | 2017 | 10 | 18    AM | 211 E. 7th Suite 620 |
| Lincoln Financial Group by serving | | | | | | Austin, TX 78701 |
| Registered Agent | | | | | | |
| Corporation service | | | | | | |
| Company | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____    _Brian Denn_____, ~~Sheriff~~

_____    _Harris_____ County, Texas

Total _____ . _____ $ _____ By _Brian Denmon_____, ~~Deputy~~

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _Lincoln Financial Distributions Inc_

_____ on the _31st_ day of _mmm_ _____,

20 17 , at _10:18_ o'clock _A_ m. this copy of this instrument.

_Brian Denmon  Sch 417  9/30/17_ , Sheriff/Agent

_Harris_____ County, Texas

By _Brian Denn_____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _8th_ DAY OF _June_ , 20 17 .

(SEAL) ANITA TAYLOR
My Notary ID # 7789315
Expires November 8, 2020

NOTARY PUBLIC, STATE OF TEXAS



**USPS TRACKING #**

9590 9402 2462 6249 9858 30

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

BRIAN DENMOW
1210 WESLEY
STAFFORD, TX 77477

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Lincoln Financial
Distributors Inc D/B/A Lincoln
Financial Group by Serving
Registered Agent Corporation Service
Company 211 E. 7th Suite 620
Austin, TX 78701

9590 9402 2462 6249 9858 30

2. Article Number (Transfer from service label)

7014 1820 0000 8326 8088

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Chris Curtin_          ☐ Agent   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
MAY 3 1 2017

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
210th DISTRICT COURT

Judith Wallen

vs                                          Cause No. 2017DCV1553

Lincoln Financial Distributors, Inc.

AMENDED ORDER OF COURT SETTING

The above reference case is set as follows:

| Date | Time | Description |
|---|---|---|
| CANCELLED 06/14/2017 | 2:15 PM | Status Conference |
| 07/12/2017 | 2:30 PM | Scheduling and Status Conference |

Dear Counsel:

The Court requires that counsel appear in person or arrangements be made for local counsel to be retained with authority to appear before the Court to obtain the requested relief. If local counsel is retained to appear on behalf of any party; a formal written entry of appearance will be required to be filed with the Court in accordance with Rule "8" Texas Rules Civil Procedure (TRCP 8). All future notice(s) of Court settings will be sent to counsel entered of record as attorney in charge per TRCP 8 (supra). **The attorney in charge is required to be present at all scheduled hearings.** If the attorney in charge fails to appear, the case is subject to dismissal (see below) or sanctions being imposed in accordance with law. Furthermore you are required to present competent evidence to support your claim.

If you do not appear in court on the day of your hearing this case will be Dismissed For Want of Prosecution or pursuant to the Court's inherent authority.

**All scheduled hearings will NOT be subject to continuance, cancellation, or reset by agreement (i.e. Rule 11, etc) unless otherwise ordered by the Court or by leave of Court.**

If the above reference case has already been settled, tried or dismissed, please notify the Court Coordinator (Sandra C. Aguirre: (915) 546-2130) upon receipt of this order.

Signed and entered on this the 13th day of June, 2017.

Gonzalo Garcia
District Judge
210th District Court

If you know of an attorney involved in this case and not listed,
please provide him/her with a copy of this setting.

|  | **Chris Bell** | **713-583-5524** |
|---|---|---|
| Fax: | Chris Bell | 713-583-5524 |

El Paso County - 210th District Court

Filed 6/15/2017 2:09:15 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1553

CAUSE NO. 2017DCV1553

| | | |
|---|---|---|
| JUDITH WALLEN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 210th JUDICIAL DISTRICT |
| | § | |
| LINCOLN FINANCIAL DISTRIBUTORS, | § | |
| INC. D/B/A LINCOLN FIANCIAL | § | |
| GROUP, | § | |
| | § | |
| Defendant. | § | EL PASO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant The Lincoln National Life Insurance Company ("Lincoln National"), erroneously denominated "Lincoln Financial Distributors, Inc. d/b/a Lincoln Fiancial Group" in Plaintiff's Original Petition and Requests for Disclosure (the "Petition"), files this original answer to the Petition and states:

## ANSWER

1.    **General Denial.**  Subject to such admissions and stipulations as may be made at the time of trial, Lincoln National denies generally and specially the material allegations contained in the Petition and demands strict proof thereof in accordance with the requirements of the laws of this State.

## REQUESTED RELIEF

2.    **Prayer.**  Lincoln National respectfully requests the following relief:

    (a)    That Plaintiff take nothing by reason of her suit;

    (b)    That Lincoln National recover its court costs; and

**DEFENDANT'S ORIGINAL ANSWER - Page 1**

(c)     That Lincoln National have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By:     /s/ Andrew C. Whitaker
        Andrew C. Whitaker
        State Bar No. 21273600
        andrew.whitaker@figdav.com
        Roshanak Khosravighasemabadi
        State Bar No. 24048587
        Rosh.Khosravi@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 (telecopy)

David S. Jeans
State Bar No. 10597400
djeans@rmjfirm.com
RAY, MCCHRISTIAN & JEANS, P.C.
5822 Cromo
El Paso, Texas 79912
(915) 832-7200
(915) 832-7333 (telecopy)

ATTORNEYS FOR DEFENDANT
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that, on June 15, 2017, a true and correct copy of the foregoing document has been served via efile.txcourts.gov on the following:  Mr. Chris Bell and Mr. Benjamin Harwood Rose, Bell Rose, 10000 Memorial Drive, Suite 750, Houston, Texas 77024.

/s/ Andrew C. Whitaker
Andrew C. Whitaker

El Paso County - 210th District Court

Filed 6/26/2017 12:42 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1553

No. 2017-DCV-1553

| | | |
|---|---|---|
| JUDITH WALLEN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs | § | |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE | § | EL PASO COUNTY, T E X A S |
| COMPANY AND FIRST PENN-PACIFIC | § | |
| LIFE INSURANCE COMPANY | § | |
| | § | |
| Defendants. | § | 210TH   JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff, JUDITH WALLEN, files this first amended petition.

1.      Discovery is intended to be conducted under Level 2.

## I. JURISDICTION & VENUE

2.      The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Plaintiff seeks damages of more than $1,000,000.00.

3.      Venue is proper in El Paso County under Texas Civil Practice & Remedies Code §15.002 because almost all of the events giving rise to the claim occurred in El Paso County.

## II. PARTIES

4.      Plaintiff, **JUDITH WALLEN ("Mrs. Wallen"),** is a resident of El Paso County, Texas. The last three digits of her Texas Driver's License are 639 and the last three digits of her Social Security Number are 397.

5.      Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** is an Indiana corporation licensed to do business in Texas. It can be served with process by serving its attorney of record, Andrew C. Whitaker.

1

6.     Defendant, **FIRST PENN-PACIFIC LIFE INSURANCE COMPANY**, is an Indiana corporation licensed to do business in Texas. It can be served with process by serving its attorney of record, Andrew C. Whitaker.

### III. FACTS

7.     Jerry L. Wallen ("Mr. Wallen"), the deceased husband of Plaintiff, Judith Wallen, was the insured under life insurance policy number T105766760.  In 2015, the policy lapsed.  Based on information and belief, while still within either the state-mandated grace period or Defendants' standard and customary grace period, Mr. Wallen sent the required premium payment of $326.91. Defendants deposited the payment.

8.     Defendants did not reinstate the policy as is customarily done if an insured makes the required premium payment during the grace period.  Instead, on September 2, 2015, Defendants advised Mr. Wallen that his payment had been received but that "our acceptance of this payment does not currently provide you with any insurance coverage under this policy."

9.     On September 4, 2015, Defendants sent another letter to Mr. Wallen advising that certain information would have to be received for the underwriting process to continue.  Mr. Wallen died suddenly from a heart attack on September 22, 2015.  Mrs. Wallen filed a claim to collect the life insurance policy that her husband, shortly before his death, had told her was in effect. However, Defendants refused payment, claiming the life insurance policy had lapsed and had not been reinstated.  Defendants did not return Mr. Wallen's premium payment of $326.91 until after he had died.

### IV. CAUSES OF ACTION

#### Count 1 – Breach of the Duty of Good Faith and Fair Dealing

10.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 above as though fully set forth herein.

2

11.    Mr. Wallen was the Owner and Mrs. Wallen the beneficiary under an insurance contract sold by Defendants, which gave rise to a duty of good faith and fair dealing.

12.    Defendants breached its duties by not reinstating the Policy when Defendants knew or should have known that there was no reasonable basis for not reinstating the policy.

13.    The breach of duty by Defendants proximately caused injury to Plaintiff.

14.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court from Defendant.

### Count 2 – Breach of Contract

15.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 above as though fully set forth herein.

16.    Mr. Wallen contracted for the Policy with Defendants for the benefit of his wife, Mrs. Wallen.  Defendants failed to perform its contract as agreed.  Defendants unilaterally refused to reinstate the Policy without justification despite Plaintiff's payment of the premium Defendants advised was required for reinstatement of the Policy.

17.    The actions of Defendants constitute a breach of contract, for which Plaintiff now seeks actual damages.

### Count 3 – Promissory Estoppel

18.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 above as though fully set forth herein.

19.    Defendants routinely ignored "lapse dates" and deadlines for payment. In fact, it would have special reinstatement offers whereby if the full premium was paid, the reinstatement was effective when the premium was received by the company. By its habit of business, its acts and its custom not to require prompt payment, Defendants induced an honest belief in the mind of Mr. Wallen that strict compliance with a stipulation for punctual payment of premiums would not be

insisted upon.  Therefore, Defendants waived the right to not reinstate the policy in 2015 when Mr. Wallen did exactly what he was supposed to do to reinstate the policy.

20.     Mr. Wallen reasonably and substantially relied on the previous acts of Defendants to both his and Mrs. Wallen's detriment.

21.     Mr. Wallen's reliance on the previous acts was foreseeable by Defendants.

22.     Injustice can be avoided only by enforcing Defendants' contractual obligations.

23.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court from Defendants.

### Count 4 – Declaratory Judgment

24.     Pursuant to Texas Civil Practices and Remedies Code Chapter 37, Plaintiff requests this Court to declare her rights and status with respect to the Policy.

25.     Plaintiff is entitled to recover attorney's fees incurred in the prosecution of this matter.  TEX. CIV. PRAC. & REM. CODE §37.009.

### V. PUNITIVE DAMAGES

26.     Defendants' actions were intentional, knowing and fraudulent, and involved such an extreme degree of risk and disregard for Plaintiff as to constitute malice resulting in injury and harm to Plaintiff.  Defendants' acts and omissions as alleged in this Petition were willful.  Plaintiff is entitled to damages, both past and future, and exemplary and punitive damages from Defendants.

27.     Defendants acted in bad faith to the detriment of Plaintiff.

28.     Plaintiff requests that damages, punitive damages, pre-judgment interest and costs of Court be awarded to Plaintiff against Defendants.

### VI.  ATTORNEY'S FEES AND COSTS

29.     As a result of the wrongful acts of Defendants and the misrepresentations of Defendants as set out herein, Plaintiff was required to retain the undersigned counsel to protect

Plaintiff's interests and has agreed to pay reasonable and necessary attorney's fees and costs to said counsel. Plaintiff is entitled to recover reasonable attorney's fees and costs under her claim for breach of contract and the other causes of action that allow direct or indirect recovery of attorney's fees and costs.

## VII.  JURY DEMAND

30.     Plaintiff requests and demands a jury trial and the required fee has been paid.

## IX. PRAYER

31.     WHEREFORE, Plaintiff, Judith Wallen, respectfully requests that, after a jury trial on the merits, the Court award Plaintiff the following relief:

a.     Direct and consequential damages against Defendants;

b.     Exemplary damages as a result of the intentional, malicious and culpable behavior of Defendants;

c.     Statutory and special damages as set forth above;

d.     A declaratory judgment;

e.     Attorney's fees;

f.     Prejudgment and post judgment interest where allowed by law and in the maximum amounts permitted by law; and

g.     All other relief, at law or in equity, to which Plaintiff may otherwise be entitled.

Respectfully submitted,

**BELL ROSE**

/s/ Chris Bell

Chris Bell
Texas Bar No. 00783631
Email: Chris@BellRoseLaw.com
10000 Memorial Drive, Suite 750
Benjamin Harwood Rose

5

Texas Bar No. 24079243
Email:  Ben@BellRoseLaw.com
Houston, Texas 77024
Phone: 713-300-5158
Fax:    713-583-5524

*Attorneys for Plaintiff*